09-4792-ag
Patel v. Holder

BIA
Burr, IJ
A098 225 595

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22ⁿᵈ day of October, two thousand ten.

PRESENT:
>        JOSEPH M. McLAUGHLIN,
>        GUIDO CALABRESI,
>        PETER W. HALL,
>                *Circuit Judges.*

_____

CHIRAG RAMESHKUMAR PATEL,
>        *Petitioner,*

>        v.                                    09-4792-ag
>                                              NAC
ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Gopal T. Kukreja, New York, New
                         York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Ernesto H. Molina, Jr.,
                         Assistant Director; M. Lee Quinn,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Chirag Rameshkumar Patel, a native and citizen of India, seeks review of an October 23, 2009, order of the BIA affirming the January 22, 2008, decision of Immigration Judge ("IJ") Sarah M. Burr, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chirag Rameshkumar Patel*, No. A098 225 595 (B.I.A. Oct. 23, 2009), *aff'g* No. A098 225 595 (Immig. Ct. N.Y. City Jan. 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Patel challenges the agency's denial of his application for asylum. Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

**I. Past Persecution**

We find no error in the agency's determination that Patel failed to demonstrate that he suffered any harm in India rising to the level of persecution. The majority of the harm Patel described pertained only to his father, and, thus, was inadequate to establish persecution of Patel personally. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("As a general principle, an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic"). Moreover, the agency reasonably determined that any harm suffered by Patel personally, such as having his lunch box stolen and getting involved in school yard brawls, was more akin to harassment than persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that, in order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment").

**II.  Well-Founded Fear of Persecution**

We also find no error in the agency's determination that Patel failed to establish that his fear of future persecution was objectively reasonable. *See Ramsameachire*

3

*v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency reasonably determined that the fact that Patel's father voluntarily returned to India from abroad, and resumed his political activities without suffering any significant harm, diminished the objective reasonableness of Patel's fear of future persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999); *Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (finding that the agency may consider an applicant's claim of a well-founded fear of persecution diminished where similarly-situated family members remain in his or her native country unharmed).

Furthermore, contrary to Patel's argument, the record supports the agency's finding that no pattern or practice of persecution of Hindus exists in India, as the 2003 and 2007 State Department International Religious Freedom Reports indicate that Hindus comprise 80.5 percent of India's population, and that it is Hindu extremist groups that have been implicated in religious violence against the Christian and Muslim minorities. *See* 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007). Patel does not challenge the agency's denial of either withholding of removal or CAT relief.

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk